**NOT FOR PUBLICATION WITHOUT THE**
**APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-0190-24

DISCOVER BANK,

    Plaintiff-Respondent,

v.

SAAD SHAIKH,

    Defendant-Appellant.

_____

          Argued April 20, 2026 – Decided May 8, 2026

          Before Judges Natali and Walcott-Henderson.

          On appeal from the Superior Court of New Jersey, Law Division, Hudson County, Docket No. DC-005241-24.

          Saad Shaikh, appellant, argued the cause on appellant's behalf.

          Jesse R. Barreiro argued the cause for respondent (Pressler, Felt & Warshaw, LLP, attorneys; Michael J. Peters and Jesse R. Barreiro, on the brief).

PER CURIAM

In this collection suit, defendant Saad Shaikh, a self-represented litigant, appeals from an August 2, 2024 order granting summary judgment in favor of plaintiff Discover Bank (Discover), totaling $7,328.39. Defendant disputes ownership of the credit card at issue and claims the motion court erred in finding for Discover "based exclusively on [their] submission of account statements, without requiring foundational evidence to substantiate the claim." We reject defendant's arguments and affirm the judgment against him.

By way of brief background, on April 1, 2024, Discover filed a breach of contract action against defendant in the Special Civil Part, seeking $7,221.39 in credit card charges, post-judgment interest and costs.

The record includes several credit card statements dated from March 20, 2023 through December 2023, each bearing defendant's name and then-current address in Monmouth Junction, and a different address in Woodbridge, defendant's address as it appears on the account's statements from May through December 2023.

On December 21, 2023, Discover executed an internal charge-off of the account, reducing the account balance to zero. The January 2024 credit card statement lists defendant's address in Jersey City.

2

At some point, Discover merged with Capital One, N.A., and pursuant to the National Banking Act, 12 U.S.C. § 215a(e), the merged entity's property interests are unaffected.[1]

Defendant, using the court-provided self-represented party form, checked the box indication "[t]he claim or the amount of the claim is unfair," without specifically denying liability for the subject debt. Defendant annexed a list to his answering form demanding: a "physical verification of the original signed consumer contract" under "the Fair Credit Reporting [Act] [("FCRA")], Section 609(a)(1)(A)";[2] and to see proof of a consumer contract bearing his name, among other relief.

A period of discovery ensued in which the parties exchanged documents, including bank statements, showing some payments were made on the account, which reduced the balance. In response to Discover's interrogatories, defendant affirmed that: (1) his answer contained the factual basis and details of his

---

[1]  Under the National Banking Act, when one bank merges into another, the surviving bank has the same property rights and interests as the subsumed bank, including debts and pending litigation. See 12 U.S.C. § 215a(e) ("The corporate existence of each of the merging banks or banking associations participating in such merger shall be merged into and continued in the receiving association and such receiving association shall be deemed to be the same corporation as each bank or banking association participating in the merger.").

[2]  See 15 U.S.C. § 1681g(a)(1)(A).

A-0190-24

defenses; and (2) he does not admit that he owes $7,221.39, but instead owes nothing as he "never asked or applied for [a] [D]iscover credit card and [was] waiting on [Discover] to provide [him with a] signed contract document." Defendant stated that between January 8, 2023 and October 2023, he resided in Woodbridge until he relocated to Jersey City in October 2023.[3]

Following the exchange of discovery, but prior to the discovery-end-date, Discover moved for summary judgment. Included in Discover's submission was a certification by Patrick Sayers, a Discover employee, stating that defendant owed $7,221.39 for loans under the subject account, and provided the card-member agreement, and account statements from January 8, 2023 to December 25, 2023.

The card-member agreement states, in pertinent part:

> You accept this [a]greement if you do not cancel your [a]ccount within 30 days after receiving a [c]ard. You also accept this Agreement if you or an [a]uthorized [u]ser use the Account. You may, however, reject the "Arbitration of Disputes" section as explained in that section.
>
> . . . .
>
> Unauthorized Use

---

[3] Defendant's New Jersey driver license, issued on March 5, 2023, lists his address in Woodbridge.

A-0190-24

You must notify us immediately if:
–your [c]ard is lost or stolen; or
–you believe someone is using your [a]ccount or a [c]ard without your authorization.

Defendant opposed the motion, asserting that Discover did not provide "any credit card application" bearing his name, "nor any supporting documents for [his] application to be approved." Defendant did not challenge the undisputed facts as set forth by Discover with a credit report or other proofs, except a letter from Ticketmaster, describing a data breach of their system which occurred between April 2 and May 18, 2024. Discover argued that all that was needed to prevail on its application was "to show ownership of the account and the amount due to charge off," which they have shown, and defendant has "come forward with nothing but self-serving statements."

Following argument, the motion court issued an oral decision granting summary judgment in favor of Discover. The motion court found the FCRA, was "not applicable because the time ha[d] expired," and according to the letter from Ticketmaster, the subject data breach occurred after the credit card had been charged off in 2024. The motion court reasoned that defendant had notice of the subject claim because most of the statements went to his Woodbridge address and the "charge off statement" to his Jersey City address following his

5

move there. The motion court considered the absence of any proof that defendant's mail was returned, and rejected defendant's assertion his credit history did not show or include the Discover credit card, noting that defendant did not attach his credit history to substantiate that claim. The motion court concluded defendant was aware of the credit card statements and offered only self-serving statements, without anything to prove his assertion, which were insufficient to defeat summary judgment. The motion court entered judgment in Discover's favor in the amount of $7,221. Defendant appeals.

Our review of a court's grant of summary judgment is de novo. Christakos v. Boyadjis, 262 N.J. 447, 467 (2026) (citing Templo Fuente De Vida Corp. v. Nat'l Union Fire Ins. Co. of Pittsburgh, 224 N.J. 189, 199 (2016)).

"Summary judgment must be granted if 'there is no genuine issue as to any material fact,' and 'the moving party is entitled to a judgment . . . as a matter of law.'" Christakos, 262 N.J. at 467 (citing R. 4:46-2(c)). In reviewing a grant of summary judgment, we engage in the same analysis as the motion judge. Christakos, 262 N.J. at 467; see also Brill v. Guardian Life Ins. Co. of Am., 142 N.J. 520, 533-34 (1995). "To defeat a motion for summary judgment, the opponent must come forward with evidence that creates a genuine issue of

material fact." Cortez v. Gindhart, 435 N.J. Super. 589, 605 (App. Div. 2014) (additional quotations omitted).

In deciding whether a genuine issue of material fact exists, we "must 'consider whether the competent evidential materials presented, when viewed in the light most favorable to the non-moving party, are sufficient to permit a rational factfinder to resolve the alleged disputed issue in favor of the non-moving party.'" Friedman v. Martinez, 242 N.J. 449, 472 (2020) (quoting Brill, 142 N.J. at 540). We therefore affirm a judgment "if the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show there to be no genuine issue as to any material fact challenged and that the moving party is entitled to a judgment or order as a matter of law." Friedman, 242 N.J. 471-72 (citing R. 4:46-2(c); Brill, 142 N.J. at 528-29) (quotation marks omitted).

As a preliminary matter, defendant advances several arguments in his pro se briefs for the first time on appeal, which we decline to address.

Turning to our discussion of defendant's contentions, which were raised before the motion court, and applying our well-established standard of review, we are satisfied the court correctly determined defendant raised only speculative

A-0190-24

and self-serving arguments and affirm the order for summary judgment in Discover's favor. We add the following brief comments to amplify our opinion.

Relying on FCRA, defendant claims the motion court erred by failing to require Discover to provide "foundational evidence," including the original signed credit card application or any terms and conditions that explicitly link him to the debt in question, and thus, deprived him of the opportunity to meaningfully contest the debt. As the motion court correctly noted, Discover did not contravene the FCRA by finding defendant was not entitled to the original credit application. Although the court did not clarify the scope of the FCRA in its oral decision, the Act pertains to consumer reporting agencies that "regularly engage[] in . . . assembling or evaluating consumer credit information . . . for the purpose of furnishing consumer reports to third parties." 15 U.S.C. § 1681a(f). Discover was therefore not obligated under the FCRA to provide an original signed credit card application. Rather, as Discover argued, it only needed to prove ownership of the defendant's charged off debt and the amount due to the card issuer at charge off. New Century Fin. Servs., Inc. v. Oughla, 437 N.J. Super. 299, 304 (App. Div. 2014).

We further reject defendant's contention that the court erred by disregarding the "evidentiary principles" in Brill and granting summary

8

judgment in Discover's favor.  As the court aptly noted, defendant had notice of the subject claim because most of the credit card statements went to his Woodbridge address during the period that he resided there and the "charge off statement" was mailed to his Jersey City address, following his relocation to Jersey City.  Here too, defendant merely asserts that he did not receive the credit card statements, but does not offer any proof that any of the subject mail was returned as undeliverable in support of his claim.

Additionally, defendant's submission of the data breach notice from Ticketmaster, dated July 2024, concerned a data breach that occurred between April 2, 2024 and May 18, 2024.  To the extent the notice of breach was offered to show that defendant was the subject of credit card fraud and to dispute the credit card debt, the court properly rejected this assertion because the notice referenced a breach that occurred after the debt had been incurred, and the account was charged off and closed.

Based on this record, we are satisfied that defendant offers no credible evidence or proof of any genuine issue of material fact regarding the ownership of the credit card account or the subject charges.  In the absence of any such proofs, defendant's contentions are insufficient to defeat the motion for summary judgment and Discover is entitled to judgment as a matter of law.  Cortez, 435

N.J. Super. at 605.  We therefore have no basis on which to disturb the court's order.

Affirmed.

I hereby certify that the foregoing is
a true copy of the original on file in
my office.

M.C. Hanley

Clerk of the Appellate Division

A-0190-24